1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15

| | |
|---|---|
| PHILLIP CHARLES SNEED, <br><br> Plaintiff, <br><br> v. <br><br> C. LIRA; O. NAVARRO, <br><br> Defendants. | Civil No.   09cv2853-W (BGS) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR EXTENSION OF TIME TO COMPLETE DISCOVERY** <br> **[Docs. Nos. 47, 51.]** |

16
17
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff, a state prisoner proceeding pro se, brought this action for violations of his civil rights under 42 U.S.C. § 1983.  On February 24, 2011, Plaintiff filed a motion to compel responses to interrogatories propounded upon Defendants Lira and Navarro.  (Doc. No. 47).  In response, on March 17, 2011, Defendants filed an opposition asking the Court to deny Plaintiff's motion.  (Doc. No. 49).  Therein Defendants claimed, inter alia, that the motion should be denied because Plaintiff's discovery requests were untimely.  (Id. at 2).  Plaintiff then filed a motion to extend the discovery deadline.  (Doc. No. 51).  For the following reasons, Plaintiff's request is **GRANTED**.

        Plaintiff's current motion for extension of time to conduct discovery presents specific discovery needs and identifies circumstances preventing his ability to comply with the Court's scheduling order. (See Doc. No. 51, at 2–3).  Plaintiff seeks to extend discovery to make timely the interrogatories he served upon Defendants and, in turn, he also moves to compel Defendants' response to those interrogatories.  (Id.).  Unlike Plaintiff's previous requests to extend the discovery deadline, the immediate motion stresses that he was unable to obtain necessary subpoena forms until March 3, 2011.

(Id. at 3–4).  Plaintiff sought the subpoenas to obtain documents relating to complaints against Defendants, past incidents with inmates, and work history.  (Doc. No. 51, at 3).  Plaintiff's interrogatories and document requests ask Defendants to provide documents relating to the same subject matter Plaintiff sought to obtain by subpoena.  (See Doc. No. 47, at 7–13).  In November 2010, Plaintiff formally requested the subpoenas.  (Doc. No. 33).  Through no fault of his own, Plaintiff was deprived of these discovery tools until over a month after the discovery deadline.

"Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party."  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)).  Plaintiff, by formally requesting the subpoenas, demonstrated reasonable diligence in conducting discovery.  Plaintiff likely awaited receipt of the subpoenas before serving his interrogatories in order to receive information that would allow him to propound more effective interrogatories, or determine that certain interrogatory requests were unnecessary.  Plaintiff's motion for an order permitting him to depose Defendants Lira and Navarro also evidences that Plaintiff was actively pursuing discovery during the allotted time.  (See Doc. No. 35).  Furthermore Plaintiff, an incarcerated pro se litigant, sent his interrogatories on January 3, 2011 and January 9, 2011, believing they were timely under the February 1, 2011 discovery deadline.  (Doc. No. 51, at 3).  Although pro se litigants are required to follow the same procedural rules as represented parties, courts "are generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved."  Jacobsen v. Filler, 790 F.2d 1362, 1365 n.10 (9th Cir. 1986) (quoting Borzeka v. Heckler, 739 F.2d 444, 447 n.2 (9th Cir.1984)).

The Court finds Defendants' arguments for denying Plaintiff's request for additional time unpersuasive.  Defendants' opposition presents three grounds for denying Plaintiff's motion to compel discovery: (1) untimeliness, (2) that Plaintiff has been twice denied a time extension, and that (3) Plaintiff failed to meet and confer with Defendants' counsel prior to filing the motion to compel.  (Doc. No. 49, at 2).  Regarding the third ground, the Court has already made clear that Plaintiff will not be denied relief for failing to either file a joint motion or to meet and confer.  (Doc. No. 43, at 3).  Moreover, the Court's denial of Plaintiff's prior motions does not necessarily preclude an extension at

this juncture.  The first order denying an extension was without prejudice; thus, that denial does not preclude Plaintiff from seeking an extension.  (Doc. No. 43, at 3).  The second order denied Plaintiff's request to extend the deadline for all discovery until after his release in July 2011.  (Doc. No. 45, at 1). Plaintiff's current motion seeks only to make timely interrogatories that, according to Defendants, were ten days late.  (Doc. No. 49, at 2).  The good cause showing required to grant a limited two-week extension differs substantially from that required for an extension of over five months.  Thus, by rejecting Plaintiff's motion to extend discovery until July 25, 2011, the Court did not preclude subsequent requests for an extension.  Plaintiff's current request articulates new grounds demonstrating good cause and asks for a much shorter extension.  Finally, the immediate motion is distinct from those prior because this request is narrowly tailored to allowing Plaintiff to obtain answers to interrogatories. (Doc. No. 51, at 2).

For the foregoing reasons, the Court finds that Plaintiff has established good cause and that an extension will not unduly prejudice Defendants.  Accordingly, Defendants must answer or object to each individual interrogatory pursuant to Federal Rule of Procedure 33.       Defendants must serve responses no later than **May 9, 2011.**  Plaintiff will have 30 days from the date he is served with responses to seek the Court's intervention in any further discovery disputes arising from the responses. All other fact discovery that Plaintiff seeks must be propounded no later than **May 4, 2011.**

**IT IS SO ORDERED**.

DATED:  April 19, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court