# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PHILLIP CHARLES SNEED, | CASE NO. 09-cv-2853 W (MDD) |
|---|---|
| Plaintiff, | REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. |
| vs. | |
| C. LIRA, et al., | [Doc. No. 58] |
| Defendants. | |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' Motion be **GRANTED**.

## I.    PROCEDURAL HISTORY

On December 17, 2009, Phillip Charles Sneed ("Plaintiff"), a state prisoner housed at the Donovan Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that Correctional Officers Lira and Navarro ("Defendants") violated California law and his Eighth Amendment right to be free from cruel and unusual punishment when Lira attacked him while Navarro looked on. (Complaint at 1-2).  On April 30, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff's claims were barred under *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (Doc. No. 14), but later withdrew the Motion.  (Doc. No. 19).

1    On June 1, 2011, Defendants filed the instant Motion for Summary Judgment, alleging that
2 Plaintiff's state law claims fail because Plaintiff did not comply with the California Tort Claims
3 Act, and that Plaintiff's Eighth Amendment claim fails because Plaintiff has presented no evidence
4 in support of his claim. (Doc. No. 58). On June 2, 2011, a notice was sent to Plaintiff pursuant to
5 *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir.
6 1998) (en banc), advising Plaintiff of the requirements for opposing Defendants' Motion. (Doc.
7 No. 59). On June 20, 2011, Plaintiff filed a Response in Opposition to Defendants' Motion (Doc.
8 No. 63).[1] On June 24, 2011, Defendants' Filed a Reply to Plaintiff's Response. (Doc. No. 64).

9 **II.     FACTUAL SUMMARY**

10    On July 5, 2009, Plaintiff was taken for treatment at the diabetic-treatment line at Donovan
11 State prison in accordance with the prison's Mental Health Services Delivery System.
12 (Complaint at 3); (Doc. No. 58, Ex. 1-A). After receiving treatment from a nurse, Plaintiff was
13 escorted back to his cell by Officers Lira and Navarro. (Complaint at 3).

14    According to Plaintiff, when the three reached Plaintiff's cell, he was struck in the back of
15 the head, and when he turned around, Lira hit him in the mouth, eye, and side of his face. *Id.*
16 Plaintiff asserts that these strikes knocked him to the floor, and as he fell, he observed Navarro
17 simply standing outside of Plaintiff's cell, not interfering. *Id.*

18    According to Defendants, Plaintiff began yelling obscenities at Defendants during the walk
19 back to his cell. (Doc. No. 58. Exs. 1-4). When the three reached Plaintiff's cell, Plaintiff refused
20 to enter and continued to yell obscenities at Defendants. *Id.* The Defendants ordered Plaintiff to
21 enter his cell, but Plaintiff refused. *Id.* Defendants repeated the order to enter the cell and Plaintiff
22 responded by lunging at Defendant Navarro with clenched fists. *Id.* Navarro grabbed Plaintiff and
23 took him to the ground. (Doc. No. 58, Exs. 2-3). Navarro then activated his personal alarm.
24 (Doc. No. 58, Ex. 2, ¶ 4). Defendants contend that at no point did Navarro hit Plaintiff. (Doc. No.
25 58, Exs. 2-3). Plaintiff continued to attack by kicking and trying to stand back up and refused an

26 ─────────────────

27    [1] In his Response, Plaintiff contended that he had not received several filings in the case and was thus unable to resolve discovery disputes or draft a meaningful Opposition. The Court granted Plaintiff time to file an amended
28 opposition, but Plaintiff did not do so.

1  order from Defendant Lira to put his hands behind his head. (Doc. No. 58, Exs. 2-4). Lira then
2  assisted Navarro by pulling Plaintiff's left arm behind his back and placing handcuffs on him.
3  (Doc. No. 58, Ex. 2-3). Defendants contend that Lira did not strike Plaintiff during the encounter.
4  *Id.* The incident was witnessed by Plaintiff's cellmate, Holmes, who later provided a statement to
5  prison staff. (Doc. No. 58). After Plaintiff was handcuffed by Defendants, he was escorted to the
6  clinic for a medical evaluation. (Doc. No. 58). The examining nurse, D. Pool, discovered swelling
7  beneath Plaintiff's left eye, but no other injuries. *Id.* Plaintiff did not complain to the nurse of
8  other injuries. *Id.*

9  **III.   LEGAL STANDARD**

10  Rule 56(c) of the Federal Rules of Civil Procedure authorizes the granting of a summary
11  judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file,
12  together with the affidavits, if any, show that there is no genuine issue as to any material fact and
13  that the moving party is entitled to judgment as a matter of law." The standard for granting a
14  motion for summary judgment is essentially the same as for the granting of a directed verdict.
15  Judgment must be entered, "if, under the governing law, there can be but one reasonable
16  conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).
17  However, "[i]f reasonable minds could differ," judgment should not be entered in favor of the
18  moving party. *Id*.

19  The parties bear the same substantive burden of proof as would apply at a trial on the
20  merits, including plaintiff's burden to establish any element essential to his case. *Liberty Lobby*,
21  477 U.S. at 252; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Taylor v. List*, 880 F.2d 1040, 1045
22  (9th Cir. 1989). The moving party bears the initial burden of identifying the elements of the claim
23  in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of
24  a genuine issue of material fact." *Celotex*, 477 U.S. *at* 323. *Adickes v. S.H. Kress & Co.*, 398 U.S.
25  144 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "A material issue
26  of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties'
27  differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982).
28

More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The burden then shifts to the nonmoving party to establish, beyond the pleadings, there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary judgment, the nonmoving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff[]'s favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000)(citing Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249).

While the district court is "not required to comb the record to find some reason to deny a motion for summary judgment," *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988), *Nilsson v. Louisiana Hydrolic*, 854 F.2d 1538, 1545 (9th Cir. 1988), the court may nevertheless exercise its discretion "in appropriate circumstances," to consider materials in the record which are on file but not "specifically referred to." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). However, the court need not "examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the moving papers with adequate references so that it could be conveniently found." *Id.*

In ruling on a motion for summary judgment, the court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "No valid interest is served by withholding summary judgment on a complaint that wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole." *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).

**IV.    DISCUSSION**

In his Complaint, Plaintiff brings claims against Defendants Lira and Navarro for: (1) violations of California Penal Code § 2652, 11412, and 4226, and California Civil Code § 52.1; and (2) the Eighth Amendment of the U.S. Constitution. (Complaint at 1-2).

**1.    State Law Claims**

1        Plaintiff alleges that Defendants violated California Penal Code § 2652, 11412, and 4226,
2 and California Civil Code § 52.1 when Lira attacked him while Navarro watched. (Complaint at
3 1-2). In their Motion, Defendants contend that Plaintiff's state-law claims fail as a matter of law
4 because Plaintiff has not demonstrated compliance with the California Tort Claims Act, which
5 requires that state tort law claims against public employees must be presented to the California
6 Victim Compensation and Government Claims Board before they can be litigated in federal court.
7 (Doc. No. 58 at 4) (citing Cal. Gov't Code §§ 911.2, 945.4, 950.2). Defendants contend that
8 Plaintiff failed to affirmatively allege compliance with the Act, and that even if he had, he failed to
9 timely comply with the Act. *Id.*

10       If a civil complaint does not affirmatively allege compliance with the claim presentation
11 requirements, or allege facts showing the applicability of a recognized exception or excuse for
12 noncompliance, it must be dismissed. *State v. Superior Court*, 32 Cal.4th 1234, 1242-43 (2003);
13 *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.1988). The Ninth Circuit
14 has expressly held that compliance with California's Tort Claims Act is a substantive element of
15 any pendent state law cause of action against the State or its employees. *See U.S. v. California*,
16 655 F.2d 914, 918 (9th Cir. 1980). Because Plaintiff has failed to allege compliance with the Act
17 and has not demonstrated any grounds for an exception, his claim fails as a matter of law. *Karim-*
18 *Panahi*, 839 F.2d at 627.

19       Even if Plaintiff had alleged compliance with the Act, his claim would still be barred by his
20 failure to timely comply with the act. A claim against a public employee for personal injury must
21 be filed with the California Victim Compensation and Government Claims Board within six
22 months of the cause of action accruing. Cal. Gov't Code § 911.2. Plaintiff's claim was received
23 by the Claims Board on July 6, 2009. (Doc. No. 58, Ex. 6). The incidents at issue occurred on
24 July 5, 2008. (Complaint at 2; Doc. No. 58, Ex. 6). Accordingly, even if Plaintiff had alleged
25 compliance with the Act, his state law claims still fail as a matter of law. Cal. Gov't Code § 911.2.
26 The Court **RECOMMENDS** that Defendants' Motion be **GRANTED** as to Plaintiff's state law
27 claims.
28

///

### 2. **Eighth Amendment Claim for Use of Excessive Force**

Plaintiff asserts that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment when Lira attacked him while Navarro watched. (Complaint at 1-2). In their Motion, Defendants contend that Plaintiff's claim fails as a matter of law because he has not shown that Defendants applied unreasonable force in restraining him. (Doc. No. 58 at 5).

The Eighth Amendment protection against cruel and unusual punishment ensures that prisoners are kept in conditions compatible with "civilized standards, humanity and decency." *Estelle v Gamble*, 429 U.S. 97, 102 (1976). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). "Force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). To determine whether force applied to an inmate was excessive or reasonable, the court may consider: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of the forceful response; and (5) the extent of any injury suffered by the inmate. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Browne v. San Francisco Sheriff's Dept.*, 616 F. Supp.2d 975, 983 (N.D. Cal. 2009).

Here, all five factors weigh in favor of Defendants. According to Plaintiff, Defendant Lira attacked him without provocation as Lira was escorting him back to his cell. (Complaint at 3). Plaintiff also contends that Defendant Navarro observed the attack and failed to intervene. However, Plaintiff offers no evidence in support of his allegations.

Defendants, on the other hand, provide considerable evidence that the force used by

1 Defendants was necessary to prevent the assault of an officer by an inmate. (Doc. No. 58 at 7).
2 Defendants provide a rules violation report (Doc. No. 58, Ex. 1-A), a crime incident report (Doc.
3 No. 58, Ex. 1-B), and the sworn declarations of Defendants Lira and Navarro (Doc. No. 58, Exs. 2
4 and 3), all of which state that Plaintiff was yelling obscenities at Defendants, refusing to comply
5 with orders to enter his cell, and that he lunged at Officer Navarro. In addition to these reports,
6 Defendants provide the sworn declaration of Officer Fairchild, a correctional officer who was
7 operating the control-booth during the events at issue and who observed the incident. (Doc. No.
8 58, Ex. 5). Officer Fairchild confirms that Plaintiff yelled obscenities at Defendants, refused direct
9 orders to enter his cell, and that Plaintiff lunged at Defendant Navarro as if he were attempting to
10 assault him. (Doc. No. 58, Ex. 5 ¶ 4). Because the Defendants reasonably perceived a threat to
11 their safety and applied force to prevent the assault of a correctional officer, the first and third
12 factors weigh heavily in their favor. *Hudson*, 503 U.S. at 7.

13 Furthermore, Plaintiff provides no evidence to indicate that Defendants used more force
14 than necessary to subdue him. Though Plaintiff contends that Defendants struck him repeatedly,
15 leading to significant injury, he provides no evidence in support of these contentions. Defendants,
16 on the other hand, produced significant evidence that they only used the amount of force necessary
17 to subdue Plaintiff, and that Plaintiff did not suffer significant injury from the encounter. (Doc.
18 No. 58 at 6). Defendants provide the sworn declarations of Defendants Lira and Navarro, both of
19 which indicate that Navarro did not strike Plaintiff, but merely grabbed him and took him to the
20 ground, using procedures in accordance with CDCR use-of-force guidelines. (Doc. No. 58, Exs.
21 1-4). Defendants attempted to lessen the amount of force required by securing Plaintiff's
22 compliance while they attempted to handcuff him, but Plaintiff refused their orders. Id. After
23 Plaintiff had been handcuffed, he was escorted aware by other officers that had responded to a
24 personal alarm activated by Defendant Navarro, and immediately taken to the nurse pool for
25 evaluation. Id. These accounts are confirmed by Officer Fairchild, who noted that Navarro
26 appeared to be defending himself, that the officers struggled to restrain Plaintiff, and that neither
27 officer struck Plaintiff. (Doc. No. 58, Ex. 5.).

28

1    Defendants also provide the sworn declaration of D. Pool, the nurse who examined and
2 treated Plaintiff after the incident. (Doc. No. 58, Ex. 6). Nurse Pool confirmed that Plaintiff was
3 yelling obscenities prior to the incident, and states that when he was brought to her for evaluation,
4 his only injury was a swelling below his left eye. *Id.* at ¶ 3. Thus, Defendants have provided
5 considerable evidence that factors 2, 4, and 5 should be decided in their favor. Plaintiff has
6 provided no evidence to refute Defendants, and has no evidence beyond his pleading in support of
7 his claim. Accordingly, he has failed to meet his burden under Fed. R. Civ. P. 56 and no
8 reasonable jury could find in his favor. *Reese*, 208 F.3d at 738. The Court **RECOMMENDS** that
9 Defendants' Motion be **GRANTED** as to Plaintiff's Eighth Amendment claim for excessive force.

11    Similarly, Plaintiff's claim that Defendant Navarro was deliberately indifferent to the use
12 of excessive force against him fails. A prison official can violate the Eighth Amendment by failing
13 to intervene when another officer uses excessive force. *Robins v. Meecham*, 60 F.3d 1436, 1441
14 (9th Cir. 1995). An officer is only liable, however, if he knows of and disregards an excessive
15 risk to inmate health or safety. *Farmer*, 511 U.S. at 833.
16    As stated above, Plaintiff has produced no evidence that there was an excessive risk to his
17 health or safety. Rather, Defendants have produced considerable evidence that their use of force
18 was reasonable and necessary to prevent the assault of a correctional officer by an inmate.
19 Plaintiff has failed to meet his burden under Fed. R. Civ. P. 56 and no reasonable jury could find in
20 his favor. *Reese*, 208 F.3d at 738. The Court **RECOMMENDS** that Defendants' Motion be
21 **GRANTED** as to Plaintiff's Eighth Amendment claim for deliberate indifference.

22    **3.    Qualified Immunity**

23    Qualified immunity protects "government officials... from liability for civil damages
24 insofar as their conduct does not violate clearly established statutory or constitutional rights of
25 which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
26 Qualified immunity does not protect a defendant when: (1) the defendant's action violated a
27 federal constitutional right; and (2) the right was clearly established at the time of the conduct at

issue. *LSO, Lt. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). Qualified immunity protects all but "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

As discussed above, Plaintiff has not shown that any Defendant violated his constitutional rights. Accordingly, Defendants are protected by qualified immunity. *Harlow*, 457 U.S. at 818. However, if the Defendants had failed to refute Plaintiff's Eighth Amendment claim, they would not be protected by qualified immunity, as the Eighth Amendment's prohibitions against excessive force and failure to protect are clearly established and would be violated by an unprovoked assault against an inmate.

## V. CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**.

This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may filed written objections with the court and serve a copy on all parties by **November 28, 2011**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **December 12, 2011**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objectins on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: November 3, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28