UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CHARLES SNEED,<br><br>            Plaintiff,<br>v.<br><br>C. LIRA, et al.,<br><br>            Defendants. | CASE NO. 09-CV-2853 W (MDD)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 81], (2) GRANTING SUMMARY JUDGMENT [DOC. 58] AND (3) DISMISSING THIS CASE** |

On December 17, 2009, Plaintiff Phillip Charles Sneed, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that Correctional Officer Defendants violated California law and his Eighth Amendment right to be free from cruel and unusual punishment when one of the Defendants allegedly attacked Plaintiff while the other Defendant looked on.

On June 1, 2011, Defendants filed the pending summary-judgment motion. [Doc. 81.] On June 2, 2011, a notice was sent to Plaintiff under <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988) (en banc), advising him of the requirements for opposing Defendants' motion. [Doc. 59.] The notice specifically advised Plaintiff that in opposing the motion, he could not "simply rely on what your complaint says" and that he "must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents . . . that contradict the facts shown in" Defendants'

evidence supporting their motion. [*See* Doc. 59 at 1:27–2:3.]

On June 20, 2011, Plaintiff filed an opposition to the motion. [Doc. 63.] The opposition only addressed outstanding discovery issues. [*See* Id.] Accordingly, with the close of discovery and resolution of the discovery issues, on September 28, 2011, Magistrate Judge Mitchell D. Dembin issued an order granting Plaintiff leave to file an amended opposition. [Doc. 73.] The order reminded Plaintiff of the Klingele/Rand notice he previously received. [*Id.* at 2:14–15.] Plaintiff did not file an amended opposition.

On November 3, 2011, Magistrate Judge Dembin issued a Report and Recommendation ("Report"), recommending that the Court grant the summary-judgment motion. The Report also ordered that any objections were to be filed by November 28, 2011, and any reply filed by December 12, 2011. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (Acknowledging that a "discrete set of Rules governs federal habeas proceedings launched by state prisoners.") Rule 8(b) provides that a district judge "must determine de novo any proposed finding or recommendation to which objection is made." In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the Ninth Circuit interpreted identical language in 28 U.S.C. 636(b)(1)(c) as making clear that "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." (emphasis in original); see also Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is ***only*** required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (adopted Report without review because neither

1 party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (same).

The Court recognizes that other district courts within the Ninth Circuit have previously held that de novo review of the magistrate judge's findings of law is required even where the prisoner does not object. See Johnson v. Nelson, 142 F.Supp.2d 1215, 1217 (S.D.Cal. 2001); Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D.Cal. 2006); Cordeiro v. Hernandez, 2010 WL 364193 (S.D.Cal. 2010). These cases, however, are all rooted in the Ninth Circuit's decision in Britt v. Simi Valley Unified School District, 708 F.2d 452 (9th Cir. 1983). The Court finds that reliance on Britt is no longer appropriate given the Ninth Circuit's more recent en banc decision in Renya-Tapia. See Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that Renya-Tapia overruled Britt's requirement that district court's review findings of law even where no objections is filed).

Accordingly, because Plaintiff has not filed an objection, the Court accepts Judge Dembin's recommendation, and **ADOPTS** the Report [Doc. 81] in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** Defendants' summary-judgment motion [Doc. 58] and **ORDERS** this case **DISMISSED**.

**IT IS SO ORDERED.**

DATED: January 11, 2012

Hon. Thomas J. Whelan
United States District Judge